UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-10003-CR-MOORE

UNITED STATES OF AMERICA

v.

RUSTY ANCHOR SEAFOOD
OF KEY WEST, INC.,

          Defendant.     /

## PLEA AGREEMENT

The United States of America and RUSTY ANCHOR SEAFOOD OF KEY WEST, INC., hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive Indictment by a Grand Jury in this matter and plead guilty to a one count Information to be filed against it, charging defendant with knowingly engaging in conduct involving the sale and purchase of, the offer of sale and purchase, and the intent to sell and purchase lobster and finfish with a market value in excess of $350.00, and did knowingly transport, sell, receive, acquire, or purchase any fish or wildlife, including lobster and finfish, knowing said lobster and finfish were taken, possessed, transported, sold and intended to be sold in violation of and in a manner unlawful under the laws and regulations of the State of Florida, in violation of Title 16, United States Code Sections 3372(a)(2)(A), and 3373(d)(1)(B), all in violation of Title 18, United States Code, Section 371.

2. At all relevant times, defendant was a Florida corporation, with its principle place of business locate at Stock Island, Key West, Florida. registered to do business in Florida. Defendant conducted business as Rusty Anchor Fisheries, Rusty Anchor Restaurant, and Rusty Anchor

Seafoods, operating as a wholesale purchaser, seller, and distributor of seafood products, and operating a retail restaurant establishment seating approximately 250 people. RUSTY ANCHOR SEAFOOD OF KEY WEST, INC., expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement.  This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

3. The Parties agree and understand that, because the crime charged occurred after November 1, 1991, the United States Sentencing Guidelines relating to the sentencing of organizations (Chapter Eight) apply here, except to the extent that the provisions relating to the calculation and imposition of fines for wildlife crimes do not apply to the offense charged in the criminal Information.

4. The parties agree that the maximum amount of the fine which may be imposed under the statute charged for Count 1 is the greatest of:  twice the gross pecuniary gain or twice the pecuniary gross loss attributable to the relevant conduct, pursuant to Title 18, United States Code, Section 3571(d); or $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3). In addition, the defendant understands and agrees that it may be subject to a term of probation of at least one year and not more than five years with respect to Count 1. Title 18, United States Code, Section 3561(c)(1). In addition, defendant understands that the Court may order restitution to any identifiable victims of the crime, and must order defendant to pay a $400.00 mandatory special assessment, which assessment defendant agrees to pay on the day of sentencing payable to the

"Clerk, United States Cour." Title 18, United States Code, Section 3013(a)(2)(B).

5.      Defendant will provide to the United States and the Court written evidence in the form of a notarized legal document certifying that defendant is authorized to plead guilty to the criminal charge as set forth in the Information, and to enter into and comply with all provisions of this Agreement. The notarized document shall further certify that Ramon F. Rodriguez, President of RUSTY ANCHOR SEAFOOD OF KEY WEST, INC., is authorized to take these actions and that all corporate formalities required by law applicable in such instance, including, but not limited to, approval by defendant's directors, have been observed. Defendant agrees that its President shall appear on behalf of defendant to enter the guilty plea in the Southern District of Florida and shall also appear for imposition of sentence.

6.      In accordance with Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the United States and defendant recommend that the following sentence is appropriate and should be imposed in this case:

  A.  Fine: The parties agree based on the facts and circumstances of this case to jointly recommend to the Court that a fine in the amount of $500,000 is appropriate in this matter. In consideration of the undertakings by the parties herein, the parties agree to join in a recommendation that the Court establish a schedule of payment, with $250,000 payable at the time sentence is imposed and the balance of the fine payable at the rate of $50,000 annually, no later than January 15 of each year following the sentencing. The fine shall be payable by certified funds to "Clerk United States Courts" and are to be transferred upon receipt by the Clerk to the Magnuson-Stevens Fishery Conservation and Management Act Fund administered by the Department of Commerce, National Oceanic & Atmospheric Administration, pursuant to the authority of Title 16, United States Code, Section 1861(e).

  B.  Probation: In consideration of the undertakings herein, the Parties further agree that they shall jointly recommend to the Court that a term of probation of five years should be imposed for the conduct giving rise to these proceedings.

  C.  The parties further agree to jointly recommend that as a special condition of

probation that the defendant will establish, implement, and enforce a comprehensive Environmental Compliance Plan (hereinafter referred to as the "ECP") consistent with Sentencing Guidelines Section 8B2.1. The defendant also agrees that it shall not seek early termination of probation until such time as all obligations of this plea agreement are satisfied and the ECP, further described in Paragraph 7, infra, has been fully implemented for a continuous three-year period commencing at such time as the independent consultant certifies that the ECP is first fully implemented.

7. As a special condition of probation, the shall defendant establish, implement, and enforce a comprehensive Environmental Compliance Plan consistent with U.S.S.G. 8A1.2 comment n.3(k) including but not limited to the following:

    A. Within sixty days of sentencing, the defendant will submit its written ECP to the District Court Judge assigned to this case, the Probation Office in the Southern District of Florida, the United States Attorney's Office for the Southern District of Florida, and the National Oceanic and Atmospheric Administration (NOAA), Office of Law Enforcement - Miami Field Office.

    B. The ECP will include provisions addressing compliance with the applicable federal and State of Florida laws and regulations governing the purchase, receipt, receipt, documentation, handling, transportation, and sale of seafood product, including but not limited Florida spiny lobster and fin fish, and addressing the training of employees regarding compliance with these environmental laws and regulations. The ECP shall be subject to approval by the Court and the United States. In particular, the ECP must provide for the development, implementation, and enforcement of appropriate management practices, including but not limited to:

        I. Each appropriate employee will receive training on compliance with these environmental laws and regulations, and defendant will maintain a record of the type of training provided to each employee and the frequency of such training;

        ii. The defendant will establish employee compliance with environmental policies and laws as a positive factor in all appropriate personnel evaluations and failure to comply with such policies and laws as a negative factor;

        iii. RUSTY ANCHOR SEAFOOD OF KEY WEST, INC. will designate in its ECP a Vice-President or equivalent supervisory employee responsible for compliance with these environmental laws and regulations, and for implementing and overseeing the ECP. Further, representatives of the NOAA, Office of Law Enforcement, and Florida Fish & Wildlife

                    Conservation Commission may conduct inspections and review all records required to be kept pursuant to the ECP, federal, or State law regarding trafficking in seafood species, at any time during normal business hours;

    iv.    RUSTY ANCHOR SEAFOOD OF KEY WEST, INC. will engage the services of an outside independent consultant subject to the approval of the Court and the United States, that will audit the appropriate practices at least once annually during the term of probation to determine compliance with the applicable federal and State of Florida laws and regulations governing the purchase, receipt, receipt, documentation, handling, transportation, and sale of seafood product, including but not limited Florida spiny lobster and fin fish and the terms of the ECP. RUSTY ANCHOR SEAFOOD OF KEY WEST, INC. shall submit an annual report on the status of the ECP, with the first report due no later than 270 days fro imposition of sentence in this matter, and annually thereafter for the five years of probation, unless otherwise relieved from that obligation by competent authority. In addition, all environmental audit reports completed by defendant or the independent consultant shall be submitted to the designated Vice-President responsible for environmental matters and the implementation and oversight of the ECP and transmitted as part of the annual report to the Probation Office in the Southern District of Florida, the United States Attorney's Office for the Southern District of Florida, and the National Oceanic and Atmospheric Administration (NOAA), Office of Law Enforcement - Miami Field Office.

    v.    The ECP shall remain under the supervision of the Court for the duration of the term of probation. Both parties to this agreement may seek a hearing before the Court within 90 days of receipt of the written ECP in the event they are unable to reach agreement on the content of the ECP;

    vi.    RUSTY ANCHOR SEAFOOD OF KEY WEST, INC. agrees to assume all reasonable costs associated with the implementation, maintenance, and Court oversight of the ECP and this special condition of probation.

8.    The United States agrees that in return for the defendant's representations and undertakings in this agreement, the United States will not file additional criminal charges against RUSTY ANCHOR SEAFOOD OF KEY WEST, INC. in the Southern District of Florida for violations associated with improper commercial transactions involving illegally purchased seafood products in the Southern District of Florida, disclosed and known to the United States, as of the date

of the signing of this plea agreement. This plea agreement does not provide or promise any waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

9. Defendant agrees to enter an unconditional plea of guilty to the criminal Information. As a result of entering the guilty plea, Defendant expressly waives all defenses or objections to the criminal Information and reserves no future defenses or rights to appeal any decisions of the Court. Defendant further expressly agrees to waive all constitutional, statutory, common law, jurisdictional, and non-jurisdictional defects in the proceedings and/or defenses to the criminal Information, including, but not limited to, any and all pretrial motions, post-trial motions, post-sentencing motions, defenses, objections, or collateral attacks, subject, however, to paragraph 6(A), *supra*.

10. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the

probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12.     Defendant is additionally aware that Title 18, United States Code, Section 3742 normally affords a defendant the right to appeal the sentence imposed. Acknowledging this, in exchange for the concessions and considerations by the United States contained herein, defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, any restitution order, any order of forfeiture, or to appeal the manner in which the sentence was imposed. Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, defendant acknowledges that it has discussed fully with its defense counsel this plea agreement and its consequences, including the various waivers set forth herein, and that defendant understands the nature and consequences of the plea agreement including the various waivers set forth herein. Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's entry into this plea agreement, including the various waivers set forth herein, is both knowing and voluntary.

13. This is the entire agreement and understanding between the United States and defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4/11/11       By: _____
                    Thomas A. Watts-FitzGerald
                    Assistant States Attorney

Date: 4/1/11        By: _____
                    JEROME A. BALLAROTTO, ESQ
                    ATTORNEY FOR DEFENDANT

Date: 4/11/2011     By: _____
                    RAMON F. RODRIGUEZ, President, for
                    RUSTY ANCHOR SEAFOOD OF
                    KEY WEST, INC., DEFENDANT